UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

YULIANA SARDINAS, an individual,

     Plaintiff,

vs.

ASSUREUS, INC., a Florida Corporation,

     Defendant.

_____/

## **COMPLAINT**

1.     Plaintiff, YULIANA SARDINAS (referred to as "Plaintiff" and "SARDINAS"), was an employee of Defendant, ASSUREUS, INC., a Florida Corporation (referred to as "Defendant" and "ASSUREUS"), and Plaintiff brings this action against Defendant for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*., as amended through the ADA Amendments Act of 2008, P.L. 110-325, § 2, 122 Stat. 3553 (the "ADAAA"), the Florida Civil Rights Act, F.S. §760.01 *et seq.*, and Florida Statutes §760.50, Discrimination on the basis of AIDS, AIDS-related complex, and HIV prohibited.

2.     SARDINAS is an individual who at all times material to this Complaint resided in Miami-Dade County, Florida, within the jurisdiction of this Court, and who has suffered from the Human Immunodeficiency Virus (HIV).

3.     At all times material to this Complaint, ASSUREUS has owned and operated an insurance agency business with a corporate office located at 1880 NE 163rd Street, North Miami Beach, Florida 33162 in Miami-Dade County, within the jurisdiction of this Court.

1

4.     Jurisdiction is conferred on this Court by 28 U.S.C. §1331, §1332, §1337 and §1367, and 42 U.S.C. §12101 *et seq*.

5.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because all of the events, or a substantial part of the events, giving rise to this action, occurred in Miami-Dade County, Florida within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

6.     In or around May 2021, ASSUREUS hired SARDINAS as a Customer Service Representative in Defendant's insurance agency based upon a regular rate of $17.00 per hour.

7.     At all times material to this action, SARDINAS was an "employee" of ASSUREUS within the meaning of the ADAAA, 42 U.S.C. §12111(4), and the FCRA, F.S. §760.10(1)(a).

8.     At all times material to this action, ASSUREUS was an "employer" of SARDINAS within the meaning of the ADAAA, 42 U.S.C. §12111(5), and the FCRA, F.S. §760.02(7), because Defendant was a business engaged in interstate commerce and had Fifteen (15) or more employees in each of Twenty (20) or more calendar weeks in the year 2021 or the preceding year.

9.     At all times material to this action, SARDINAS was an individual with one or more chronic medical (physiological) conditions, namely HIV, an infection that attacks the body's immune system, specifically Plaintiff's white blood cells called CD4 cells.

10.     At all times material to this action between May 2021 and October 2021, SARDINAS suffered from a "physical impairment" within the meaning of the ADA, 29 C.F.R. §1630.2(h)(1), as a result of SARDINAS's HIV and resulting medical issues, including but not limited to, Plaintiff suffering from one or more physiological disorders or conditions affecting one or more of SARDINAS's major bodily functions, including but not limited to Plaintiff's body systems including but not necessarily limited to SARDINAS's hemic and immune systems, for

which Plaintiff took prescription medication (Biktarvy) to try and treat SARDINAS's medical condition.

11.     At all times material to this action, SARDINAS was substantially limited in one or more "major life activities" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(i), including but not necessarily limited to the operation of one or more of Plaintiff's major bodily functions including but not necessarily limited to functioning of SARDINAS's hemic and immune systems.

12.     Between May 2021 and October 2021, SARDINAS successfully carried out her essential job duties as a Customer Service Representative for ASSUREUS.

13.     On or around Monday, October 4, 2021, SARDINAS requested and received permission from ASSUREUS's management, including but not necessarily limited to (1) Aviva Druin, an owner of ASSUREUS, and (2) Plaintiff's supervisor Patricia Fernandez, who was an assistant to Defendant's owner, for Plaintiff to take time off from work on or around October 6 or 7, 2021 to get blood work done in connection with upcoming medical and dental appointments.

14.     Late in the day on or around Wednesday, October 6, 2021, SARDINAS again communicated with Ms. Fernandez about a medical appointment for which Plaintiff would be late to work on Thursday, October 7, 2021, as part of which SARDINAS expressly discussed with Ms. Fernandez that SARDINAS had a medical condition that required blood work be completed.

15.     Similarly, on the morning of October 7, 2021, SARDINAS sent a reminder to ASSUREUS early in the morning—through a group messenger that ASSUREUS used for sending and receiving employee communications—that Plaintiff would be in to work later in the day on October 7th and SARDINAS also provided further updates to ASSUREUS during the morning on October 7th about when Plaintiff would be done with her appointment.

16.     When SARDINAS returned to ASSUREUS's office in approximately the late afternoon of October 7, 2021, SARDINAS showed Ms. Fernandez proof from Plaintiff's healthcare provider, Care Resource Community Health Centers, that Plaintiff's absence from work was for medical reasons—which documentation reflected that SARINAS had HIV—Ms. Fernandez became angry and questioned why SARDINAS had not previously disclosed to ASSUREUS that Plaintiff had HIV.

17.     SARDINAS was both shocked and upset by Ms. Fernandez's questions about Plaintiff's medical condition on or around October 7, 2021 and SARDINAS objected to Ms. Fernandez why it mattered to ASSUREUS that Plaintiff had HIV or how SARDINAS's medical condition had anything to do with Plaintiff carrying out her duties as a Customer Service Representative for ASSUREUS because SARDINAS was fully capable of performing her essential duties for Defendant.

18.     However, SARDINAS observed that Ms. Fernandez remained angry on or around October 7, 2021 and Ms. Fernandez notified SARDINAS that Plaintiff's employment with ASSUREUS was immediately terminated.

19.     ASSUREUS's termination of SARDINAS's employment on or around October 7, 2021 was based upon SARDINAS's disability/handicap, HIV, and/or was because of SARDINAS's exercise of her rights to object to disability/handicap or HIV discrimination, all in violation of the ADA, FCRA, and F.S. §760.50.

**EXHAUSTION OF ADMINISTRATVIE REMEDIES**

20.     On November 11, 2021, SARDINAS filed a Charge of Discrimination against ASSUREUS with the United States Equal Employment Opportunity Commission (EEOC) and Florida Commission for Human Relations (FCHR), EEOC Charge No. 510-2022-00899, alleging

that she had been subjected to disability/handicap discrimination as well as retaliation in violation of the ADAAA and FCRA. A copy of SARDINAS's Charge of Discrimination is attached hereto as Exhibit A.

21. On or around March 4, 2022, the EEOC issued a Dismissal and Notice of Suit Rights to SARDINAS in connection with Charge No. 510-2022-00899, a copy of which RTS Notice is attached hereto as Exhibit B.

22. As of June 1, 2022, more than One Hundred and Eighty (180) days have passed since the filing of SARDINAS's Charge of Discrimination on November 11, 2021 and the FCHR did not issue any determination concerning SARDINAS's Charge. As a result, pursuant to F.S. §760.11(18), which provides that in the event that the FCHR fails to conciliate or determine whether there is reasonable cause on any complaint under that section within 180 days of the filing of the complaint, an aggrieved person may file a civil action "as if the commission determined that there was reasonable cause," SARDINAS has exhausted all administrative remedies under Florida as well as Federal law.

23. SARDINAS's Complaint in this action is being filed with the Court on June 1, 2022 within Eighty-Nine (89) days of SARDINAS's of the EEOC's Dismissal and Notice of Suit Rights for Charge No. 510-2022-00899.

24. All conditions precedent to the institution of this action have either occurred or been waived.

<u>**COUNT I**</u>
<u>**DISABILITY DISCRIMINATION IN VIOLATION OF**</u>
<u>**THE AMERICANS WITH DISABILITIES ACT**</u>

Plaintiff, YULIANA SARDINAS, reasserts and reaffirms the allegations of Paragraphs 1 through 24 as if fully set forth herein and further states that this is an action against ASSUREUS, INC. for disparate treatment and disability discrimination in violation of the Americans with

Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*., as amended through the ADA Amendments Act of 2008, P.L. 110-325, § 2, 122 Stat. 3553. ("ADAAA").

25.     The Americans with Disabilities, the ADA and ADAAA, 42 U.S.C. §12112(a), prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

26.     At all times material to this action, SARDINAS suffered from HIV which affected, *inter alia*, Plaintiff's hemic and immune systems during SARDINAS's employment with ASSUREUS between approximately May 2021 and October 2021.

27.     At all times material to this action, SARDINAS suffered from one or more "physical impairments" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(h)(1), as a result of HIV, a physiological disorder or condition which affected (a) SARDINAS's hemic and immune systems; and (b) one or more of SARDINAS's major bodily functions, including but not necessarily limited to the functioning of SARDINAS's hemic and immune systems.

28.     At all times material to this action, SARDINAS was substantially limited in one or more "major life activities" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(i)(ii), including but not necessarily limited to the operation of a major bodily function including the functions of SARDINAS's hemic and immune systems.

29.     At all times material to this action, SARDINAS was an individual with a "disability" as defined by the ADA and ADAAA, 42 U.S.C. §12102(1), because Plaintiff (a) suffered physical impairments that substantially limited one or more major life activities; (b) had a record of such impairments; and/or (c) was regarded by ASSUREUS as a person with such impairments.

30.     At all times material to this action, SARDINAS had to endure substantial limitations as a result of Plaintiff's HIV and related medical condition(s) within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(j), because SARDINAS's medical condition(s) substantially limited Plaintiff's ability to perform one or more major life activities—including but not necessarily limited to the functioning of SARDINAS's hemic and immune systems—as compared to most people in the general population.

31.     At all times material to this action, SARDINAS was "disabled" within the meaning of the ADA and ADAAA, 42 U.S.C. §12102(1)(A), because SARDINAS's HIV and related medical conditions constitute one or more actual physical impairments that substantially limit one or more of SARDINAS's major life activities.

32.     In addition, at all times material to this action, SARDINAS was also "disabled" within the meaning of the ADA and ADAAA, 42 U.S.C. §12102(1)(C), because SARDINAS was regarded by ASSUREUS as having a physical impairment that substantially limited one or more of her major life activities as a result of SARDINAS's HIV and related medical condition(s).

33.     At all times material to this action, SARDINAS was a "qualified individual" as that term is defined by the ADA and ADAAA, 42 U.S.C. §12111(8), because Plaintiff was able to satisfactorily perform the essential functions of her job as a Customer Service Representative for ASSUREUS between approximately May 2021 and October 2021 with or without reasonable accommodation by Defendant.

34.     At all times material to this action, SARDINAS was a "qualified individual with a disability" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(m) and 42 U.S.C. §12111(8), because SARDINAS possessed the requisite skill and experience to carry out her essential duties as a Customer Service Representative for ASSUREUS between approximately

May 2021 and October 2021, and SARDINAS likewise was capable of performing the essential functions of her job despite SARDINAS's disability, with or without reasonable accommodation(s) by ASSUREUS.

35.    ASSUREUS terminated SARDINAS's employment in October 2021 because of SARDINAS's actual and/or perceived disability, HIV, in violation of 42 U.S.C. §12112(a).

36.    The reasons relied upon by ASSUREUS in October 2021 for terminating SARDINAS's employment were false and a pretext for discrimination against SARDINAS because of her disability in violation of 42 U.S.C. §12112(a).

37.    ASSUREUS knowingly and willfully engaged in conduct prohibited by the ADA and ADAAA against SARDINAS because of her disability so as to discourage, dissuade and/or otherwise dishearten SARDINAS.

38.    SARDINAS's actual and/or perceived disability was a motivating factor in ASSUREUS's decision to terminate SARDINAS's employment in October 2021, in violation of 42 U.S.C. §12112.

39.    ASSUREUS's violations of the ADA and ADAAA were intentional and were done with malice or reckless indifference to SARDINAS's rights guaranteed under the laws of the United States.

40.    SARDINAS has suffered lost earnings, emotional distress, loss of self-esteem and damages as a direct result of ASSUREUS's violations of the ADA and ADAAA.

41.    SARDINAS has retained the undersigned counsel to represent her in this action and pursuant to 42 U.S.C. §12205, SARDINAS is entitled to recover her reasonable attorneys' fees and costs from ASSUREUS.

WHEREFORE, Plaintiff, YULIANA SARDINAS, demands judgment against Defendant, ASSUREUS, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

**COUNT II**
**RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

Plaintiff, YULIANA SARDINAS, reasserts and reaffirms the allegations of Paragraphs 1 through 24 as if fully set forth herein and further states that this is an action against ASSUREUS, INC. for Retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. §12203, as amended through the ADA Amendments Act of 2008, P.L. 110-325, § 2, 122 Stat. 3553.

42.     The Americans with Disabilities, ADA and ADAAA, 42 U.S.C. §12203(a), provides that: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under this chapter."

43.     Similarly, the ADA and ADAAA also provide, 42 U.S.C. §12203(b), that it shall "be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or an account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter."

44.     At all times material to this action, SARDINAS was an individual with a "disability" as defined by the ADA and ADAAA, 42 U.S.C. § 12102(1), because Plaintiff (a) suffered one or more physical impairments that substantially limited one or more major life

activities, namely Plaintiff's HIV; (b) had a record of such impairments; and/or (c) was regarded by ASSUREUS as a person with such impairments.

45.     SARDINAS was at all times material to this action a "qualified individual" as that term is defined by the ADA and ADAAA, 42 U.S.C. §12111(8), because Plaintiff was able to satisfactorily perform the essential functions of her job as a Customer Service Representative for ASSUREUS between approximately May 2021 and October 2021 with or without reasonable accommodation.

46.     SARDINAS engaged in statutorily protected activity under the ADA and ADAAA during her employment with ASSUREUS by, *inter alia*, SARDINAS exercising or attempting to exercise or enjoy her rights under the ADA, including but not limited to: (a) SARDINAS seeking medical care in connection with Plaintiff's disability; (b) SARDINAS requesting partial time off from work at ASSUREUS for October 7, 2021 for Plaintiff's disability; and (c) SARDINAS objecting directly to and opposing Patricia Fernandez's questions on or around October 7, 2021 about why it mattered to ASSUREUS that Plaintiff had HIV or how SARDINAS's medical condition had anything to do with Plaintiff carrying out her duties as a Customer Service Representative for ASSUREUS when Plaintiff was fully capable of performing her essential duties for Defendant.

47.     ASSUREUS subjected SARDINAS to adverse employment action including but not necessarily limited to terminating Plaintiff's employment in October 2021 based upon discriminatory and/or pretextual grounds because of Plaintiff's disability and Plaintiff's good faith objections to Defendant's management about discrimination because of an actual or perceived disability, all because SARDINAS engaged in statutorily protected activity under the ADA and ADAAA.

48.     ASSUREUS's retaliatory actions against SARDINAS constitute violations of the ADA and ADAAA, which prohibits employers from discriminating against an individual because he has opposed any act or practice made unlawful under the ADA/ADAAA, 42 U.S.C. §12203(a), and also prohibits employers from coercing, intimidating, threatening, or interfering with any individual in the exercise or enjoyment of rights under the ADA/ADAAA on account of her having exercised or enjoyed or attempted to exercise or enjoy such rights, 42 U.S.C. §12203(b).

49.     ASSUREUS's termination of SARDINAS's employment in October 2021 was unlawful retaliation in violation of 42 U.S.C. §12203 because of Plaintiff's exercise of rights under the ADA Plaintiff's good faith objection to about ASSUREUS's disparate treatment and disability discrimination against her, in violation of the ADA.

50.     The fact that SARDINAS engaged in activity protected by the ADA was a motivating factor in ASSUREUS's termination of Plaintiff's employment in October 2021, in violation of 42 U.S.C. §12203.

51.     The reasons relied upon by ASSUREUS in October 2021 for terminating SARDINAS's employment were a pretext for unlawful retaliation against SARDINAS in violation of 42 U.S.C. §12203.

52.     As a direct and proximate result of ASSUREUS's unlawful retaliation against SARDINAS in violation of the ADA, Plaintiff has suffered damages and has been deprived of job-related economic benefits, all in amounts to be established at trial.

53.     ASSUREUS's retaliatory actions in violation of the ADA caused SARDINAS to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

54.     ASSUREUS's actions were undertaken intentionally, willfully, and maliciously with respect to, or with malice and/or reckless disregard for, SARDINAS's federally protected rights under the ADA, as a result of which Plaintiff is entitled to punitive damages from Defendant.

55.     Pursuant to 42 U.S.C. §12205, SARDINAS is entitled to recover her reasonable attorneys' fees and costs from ASSUREUS as a result of Defendant's violations of the ADA's anti-retaliation provisions.

WHEREFORE, Plaintiff, YULIANA SARDINAS, demands judgment against Defendant, ASSUREUS, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT III
## VIOLATIONS OF THE FLORIDA CIVIL RIGHTS ACT,
## F.S. §760.10  - DISCRIMINATION BASED ON HANDICAP

Plaintiff, YULIANA SARDINAS, reasserts and reaffirms the allegations set forth in paragraphs 1 through 24 above and further states that this is an action against ASSUREUS, INC. for handicap discrimination in violation of the Florida Civil Rights Act, F.S. §760.10 *et seq.*

56.     Florida Statutes §760.10(1)(a) provides that: "It is unlawful employment practice for an employer:  To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, **handicap**, or marital status." Id. (emphasis added).

57.     At all times material to this action, SARDINAS was an "aggrieved person" within the meaning of the FCRA, F.S. §760.02(10).

58.     Despite the facts that SARDINAS satisfactorily performed her essential duties as a Customer Service Representative for ASSUREUS between approximately May 2021 and October 2021 and that SARDINAS was still qualified in October 2021 to work as a Customer Service Representative for ASSUREUS, Defendant unlawfully terminated SARDINAS in October 2021 because of Plaintiff's handicap, in violation of F.S. §760.10(1).

59.     ASSUREUS knowingly and willfully discriminated against SARDINAS in October 2021 because of Plaintiff's handicap, in violation of F.S. §760.10(1), when ASSUREUS terminated Plaintiff's employment based upon Plaintiff's HIV+ condition.

60.     At all times material to this action, SARDINAS suffered from a chronic and/or permanent medical condition as a result of HIV and related medical condition(s), which condition(s) constitute an actual or perceived "handicap" within the meaning of the FCRA, as SARDINAS's condition was chronic and involved physical problems including but not necessarily limited to the functioning of SARDINAS's hemic and immune systems.

61.     At all times material to this action, SARDINAS was a qualified individual with a handicap within the meaning of the FCRA because SARDINAS  possessed the requisite skill and experience to carry out her duties as a Customer Service Representative for ASSUREUS and SARDINAS likewise was capable of performing the essential functions of her job despite Plaintiff's handicap, with or without reasonable accommodation(s) by ASSUREUS.

62.     ASSUREUS knowingly and willfully engaged in conduct prohibited by the Florida Civil Rights Act against SARDINAS because of Plaintiff's handicap so as to discourage, dissuade and/or otherwise dishearten SARDINAS.

63.     When ASSUREUS terminated SARDINAS's employment in October 2021, a motivating factor behind Plaintiff's termination was SARDINAS's handicap, in violation of F.S. §760.10(1)(a) & (b).

64.     The reasons relied upon by ASSUREUS in October 2021 for terminating SARDINAS's employment were false and a pretext for discrimination against SARDINAS because of her handicap in violation of F.S. §760.10(1).

65.     ASSUREUS's violations of F.S. §760.10 were intentional and were done with malice and reckless disregard for SARDINAS's rights as guaranteed under the laws of the State of Florida, such that SARDINAS is entitled to punitive damages from ASSUREUS pursuant to F.S. §760.11(5).

66.     Pursuant to F.S. §760.11(5), SARDINAS is entitled to recover her reasonable attorneys' fees and costs from ASSUREUS as a result of Defendant's violations of the FCRA.

WHEREFORE, Plaintiff, YULIANA SARDINAS, demands judgment against Defendant, ASSUREUS, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, F.S. §760.10

Plaintiff, YULIANA SARDINAS, reasserts and reaffirms the allegations set forth in paragraphs 1 through 24 above and further states that this is an action against ASSUREUS, INC. for Retaliation in violation of the Florida Civil Rights Act, F.S. §760.10.

67.     Pursuant to the Florida Civil Rights Act (FCRA), F.S. §760.10(7), it is "an unlawful employment practice for an employer … to discriminate against any person because that person

has opposed any practice which is an unlawful employment practice under this section, or because

that person has made a charge, testified, assisted, or participated in any manner in an investigation,

proceeding, or hearing under this section."

68.     At all times material to this action, SARDINAS  was an "aggrieved person" within

the meaning of the FCRA, F.S. §760.02(10).

69.     SARDINAS engaged in statutorily protected activity within the meaning of the

Florida Civil Rights Act during her employment with ASSUREUS by, *inter alia*:  (a) SARDINAS

seeking medical care in connection with Plaintiff's disability; (b) SARDINAS requesting partial

time off from work at ASSUREUS for October 7, 2021 for Plaintiff's disability; and (c)

SARDINAS objecting directly to and opposing Patricia Fernandez's questions on or around

October 7, 2021 about why it mattered to ASSUREUS that Plaintiff had HIV or how SARDINAS's

medical condition had anything to do with Plaintiff carrying out her duties as a Customer Service

Representative for ASSUREUS when Plaintiff was fully capable of performing her essential duties

for Defendant.

70.     ASSUREUS subjected SARDINAS to adverse employment action and retaliation

because of Plaintiff's protected activity under the Florida Civil Rights Act, including, *inter alia*,

terminating SARDINAS's employment in October 2021 based upon false and/or pretextual

grounds because of Plaintiff's exercise of her rights under the FCRA and Plaintiff's good faith

objection to Patricia Fernandez to ASSUREUS's discrimination against Plaintiff because of an

actual or perceived handicap, all in violation of F.S. §760.10(7).

71.     ASSUREUS's termination of SARDINAS's employment in October 2021 was

unlawful retaliation in violation of the Florida Civil Rights Act because of Plaintiff's exercise of

her rights under the FCRA and Plaintiff's good faith objection to ASSUREUS's disparate treatment and discrimination, in violation of F.S. §760.10(7).

72.     The fact that SARDINAS engaged in activity protected by the FCRA was a motivating factor in ASSUREUS's termination of Plaintiff's employment in October 2021, in violation of F.S. §760.10(7).

73.     The reasons relied upon by ASSUREUS in October 2021 for terminating SARDINAS's employment was a pretext for unlawful retaliation against SARDINAS in violation of F.S. §760.10(7).

74.     ASSUREUS's violations of §760.10 were intentional and were done with malice and reckless disregard for SARDINAS's rights as guaranteed under the laws of the State of Florida, such that SARDINAS is entitled to punitive damages from ASSUREUS pursuant to F.S. §760.11(5).

75.     SARDINAS has suffered lost earnings, emotional distress, loss of self-esteem and damages as a direct result of ASSUREUS's violations of F.S. §760.10(7).

76.     Pursuant to F.S. §760.11(5), SARDINAS is entitled to recover her reasonable attorneys' fees and costs from ASSUREUS as a result of ASSUREUS's violations of the FCRA.

WHEREFORE, Plaintiff, YULIANA SARDINAS, demands judgment against Defendant, ASSUREUS, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT V
## VIOLATION OF FLORIDA STATUTES §760.50 BECAUSE OF HIV+ STATUS

Plaintiff, YULIANA SARDINAS, reasserts and reaffirms the allegations set forth in paragraphs 1 through 24 above and further states that this is an action against ASSUREUS, INC. for discrimination because of Plaintiff's HIV+ status in violation of F.S. §760.50, Discrimination on the basis of AIDS, AIDS-related complex, and HIV prohibited.

77.     Florida Statutes §760.50(3)(b), Discrimination on the basis of AIDS, AIDS-related complex and HIV prohibited, provides that:

> "No person may fail or refuse to hire or discharge any individual, segregate or classify any individual in any way which would deprive or tend to deprive that individual of employment opportunities or adversely affect his or her status as an employee, or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment on the basis of knowledge or belief that the individual has taken a human immunodeficiency virus test or the results or perceived results of such test unless the absence of human immunodeficiency virus infection is a bona fide occupational qualification of the job in question."

78.     Likewise, F.S. §760.50(6)(a) provides that "any person aggrieved by a violation of [§760.50] shall have a right of action in the circuit court and may recover for each violation:

> 1.     Against any person who violates a provision of this section, liquidated damages of $1,000 or actual damages, whichever is greater.
> 2.     Against any person who intentionally or recklessly violates a provision of this section, liquidated damages of $5,000 or actual damages, whichever is greater.
> 3.     Reasonable attorney's fees.
> 4.     Such other relief, including an injunction, as the court may deem appropriate."

79.     On or around October 7, 2021, ASSUREUS learned that SARDINAS was HIV+.

80.     Upon learning that SARDINAS was HIV+ on or around October 7, 2021 and Patricia Fernandez questioning why Plaintiff had not earlier notified ASSUREUS that SARDINAS suffered from HIV, ASSUREUS discriminated against SARDINAS on the basis of Defendant's

knowledge and/or belief that SARDINAS was HIV+ when Defendant terminated Plaintiff's employment because of her HIV, in violation of F.S. §760.50(3)(b).

81.     ASSUREUS's violations of F.S. §760.50 were willful, intentional, and were done with malice and reckless disregard for SARDINAS's rights as guaranteed under the laws of the State of Florida.

82.     SARDINAS has suffered lost earnings, emotional distress, loss of self-esteem, and damages as a direct result of ASSUREUS's violations of F.S. §760.50(3)(b).

83.     Pursuant to F.S. §760.50(6)(a), SARDINAS is entitled to recover her reasonable attorneys' fees and costs from ASSUREUS.

WHEREFORE, Plaintiff, YULIANA SARDINAS, demands judgment against Defendant, ASSUREUS, INC., for damages, attorneys' fees, and costs, and such other and further relief as this Honorable Court deems proper.

## JURY TRIAL DEMAND

YULIANA SARDINAS demands trial by jury on all issues so triable.

Dated:  June 1, 2022                    Respectfully submitted,

                                By:     **s/KEITH M. STERN**
                                        Keith M. Stern, Esquire
                                        Florida Bar No. 321000
                                        E-mail:  employlaw@keithstern.com
                                        LAW OFFICE OF KEITH M. STERN, P.A.
                                        80 S.W. 8th Street, Suite 2000
                                        Miami, Florida 33132
                                        Telephone:  (305) 901-1379
                                        Facsimile:  (561) 288-9031
                                        Attorneys for Plaintiff

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 510-2022-00899 |

|  | Florida Commission on Human Relations | and EEOC |
|---|---|---|
|  | State or local Agency, if any |  |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl Area Code) | Date of Birth |
|---|---|---|
| Yuliana Sardinas | ▉ | ▉ |

| Street Address | City, State and ZIP Code |
|---|---|
| ▉ | ▉ |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two are named, list under PARTICULARS below.)*

| Name | No Employees, Members | Phone No (Incl Area Code) |
|---|---|---|
| AssureUs, Inc. | 15+ | (305) 956-7818 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1880 NE 163rd Street | North Miami Beach, Florida  33162 |

| Name | No Employees, Members | Phone No (Incl Area Code) |
|---|---|---|
|  |  |  |

| Street Address | City, State and ZIP Code |
|---|---|
|  |  |

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest          Latest
              Oct 7, 2021

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

In or around May 2021, I began working as a Customer Service Representative for AssureUs, Inc. in Respondent's insurance agency. Between approximately May 2021 and early October 2021, I satisfactorily performed my duties as a Customer Service Representative for Respondent.

On or around Monday, October 4, 2021, I requested and received permission from Respondent's management, including but not necessarily limited to (1) Aviva Druin, an owner of the business, and (2) my supervisor Patricia Fernandez, who was an assistant to the owner, to take time off from work on or around October 6 or 7, 2021 to get blood work done in connection with upcoming medical and dental appointments.

Late in the work day on Wednesday, October 6, 2021, I again communicated with Patricia Fernandez about medical appointment for which I would be late to work on Thursday, October 7, 2021, as part of which I discussed with Patricia Fernandez that I have a medical condition that required blood work be completed.

Similarly, on the morning of October 7, 2021, I sent a reminder to Respondent early in the morning--through a group messenger that Respondent used for sending and receiving employee communications--that I would be in to work later in the day on October 7th and I also provided further updates to Respondent during the morning on October 7th about when I would be done with my appointment.

However, when I returned to work in the afternoon of October 7, 2021 and provided Patricia Fernandez with documentation from my healthcare provider for my partial-day absence from work, Patricia Fernandez became angry and questioned why I had not previously disclosed to Respondent that I had a medical condition and disability. I was shocked and upset by Patricia Fernandez's questions about my medical condition and I objected to why it mattered what my medical condition and disability were or how this had anything to do with me carrying out my duties as a Customer Service Representative for Respondent. Despite this, Patricia Fernandez remained angry and notified me that my employment was immediately terminated.

I believe Respondent subjected me to disparate treatment and discrimination because of my disability and Respondent retaliated against me by firing me because of my disability and/or because I exercised my rights and objected to disability discrimination, all in violation of the Americans with Disabilities Act and Florida Civil Rights Act.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT |
| 11/11/2021 ___ *Yuliana Sardinas (Nov 11, 2021 16:15 EST)* ___  Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

# Sardinas Yuliana EEOC Charge of Discrimination for Signing

**Final Audit Report**                                                              2021-11-11

| | |
|---|---|
| Created: | 2021-11-11 |
| By: | Keith Stern (employlaw@keithstern.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAweF4f4MghyoHWmd4vN_BzegPs8nZaoWu |

## "Sardinas Yuliana EEOC Charge of Discrimination for Signing" History

- Document created by Keith Stern (employlaw@keithstern.com)
  2021-11-11 - 9:03:39 PM GMT- IP address: 76.108.235.148

- Document emailed to Yuliana Sardinas ███████████████████ for signature
  2021-11-11 - 9:04:33 PM GMT

- Email viewed by Yuliana Sardinas ████████████████
  2021-11-11 - 9:09:32 PM GMT- IP address: 66.249.88.144

- Document e-signed by Yuliana Sardinas ██████████████
  Signature Date: 2021-11-11 - 9:15:10 PM GMT - Time Source: server- IP address: 73.204.21.43

- Agreement completed.
  2021-11-11 - 9:15:10 PM GMT

**Adobe Sign**

EEOC-MDO
Received 11/11/2021

# EXHIBIT B

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Miami District Office**
100 SE 2nd St ,Suite 1500
Miami ,Florida ,33131
(800) 669-4000
Website: www.eeoc.gov

## <u>DETERMINATION AND NOTICE OF RIGHTS</u>

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 03/04/2022

**To:** Yuliana Sardinas

Charge No: 510-2022-00899

EEOC Representative and email:          Erline Jocelyn
                                        Investigator
                                        erline.jocelyn@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 510-2022-00899.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Miami District Office**
100 SE 2nd St ,Suite 1500
Miami ,Florida ,33131
(800) 669-4000
Website:  www.eeoc.gov

On Behalf of the Commission:

Digitally Signed By:Roberto Chavez
03/04/2022
—————————————————————————

Roberto Chavez
Acting Director

**Cc:**
Aviva Druin
Owner
ASSUREUS, INC.
avivadruin@gmail.com

Keith M Stern
AttorneyLAW OFFICE OF KEITH M. STERN, P.A.
kms@workingforyou.com

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (Release Date)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

We recommend that you and your attorney (if you retain one) review the resources at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Enclosure with EEOC Notice of Closure and Rights (Release Date)

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.  Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 510-2022-00899 to the District Director at Roberto Chavez, 100 SE 2nd St Suite 1500 Miami, FL 33131. You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

Enclosure with EEOC Notice of Closure and Rights (Release Date)

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**  The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability.  *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)),  **"major life activities" now include the operation of major bodily functions**, such as:  functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**
➢ **Only one** major life activity need be substantially limited.
➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.
➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.